IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Latasha Lorraine Askins, | ) | Civil Action No.: 4:12-cv-1856-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| John Belissary; New Generations | ) | |
| Home Care, LLC; Ann Belissary; and | ) | |
| Lynn Ford, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Latasha Lorraine Askins ("Plaintiff") filed this action *pro se* on July 5, 2012, seeking recovery against her former employer, New Generations Home Care, LLC ("NGHC"); NGHC Administrator John Belissary; NGHC Office Manager Ann Belissary; and NGHC Human Resources Director Lynn Ford (collectively "Defendants"). The Complaint asserts that Plaintiff was "wrongfully discharged and retaliated against" by Defendants and that "her civil rights have been violated." Compl. at 3–4, ECF No. 1. The Court construes her Complaint as bringing a cause of action for retaliation pursuant to Title VII, 42 U.S.C. § 2000e, *et seq.*

Defendants filed a Motion for Summary Judgment on May 1, 2013. Mot. for Summ. J., ECF No. 51. The matter is now before the Court after the issuance of the Report and Recommendation ("R & R") of United States Magistrate Judge Kaymani D. West.[1] In the R & R, the Magistrate Judge recommends the Court grant Defendants' Motion for Summary Judgment.

For the following reasons, the Court adopts the Magistrate Judge's Report and Recommendation, as modified, and grants Defendants' Motion for Summary Judgment.

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling.

### STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The district court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court reviews only for clear error in the absence of a specific objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

### SUMMARY JUDGMENT STANDARD

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes the showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

When no genuine issue of any material fact exists, summary judgment is appropriate. *Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. *Id.* However, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986)).

In this case, Defendants "bear[] the initial burden of pointing to the absence of a genuine issue of material fact." *Temkin v. Frederick Cnty. Comm'rs*, 845 F.2d 716, 718 (4th Cir. 1991) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). If Defendants carry this burden, "the burden then shifts to the non-moving party to come forward with fact sufficient to create a triable issue of fact." *Id.* at 718–19 (citing *Anderson*, 477 U.S. at 247–48).

Moreover, "once the moving party has met its burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show there is a genuine issue for trial." *Baber v. Hosp. Corp. of Am.*, 977 F.2d 872, 874–75 (4th Cir. 1992). The nonmoving party may not rely on beliefs, conjecture, speculation, of conclusory allegations to defeat a motion for summary judgment. *See id*; *Doyle v. Sentry, Inc.*, 877 F. Supp. 1002, 1005 (E.D. Va. 1995). Rather, the nonmoving party is required to submit evidence of specific facts by way of affidavits, depositions, interrogatories, or admissions to demonstrate the existence of a genuine and material factual issue for trial. *See* Fed. R. Civ. P. 56(c), (e); *Baber*, 977 F.2d at 875 (citing *Celotex*, 477 U.S. at 324)). Moreover, the nonmovant's proof must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1316 (4th Cir. 1993); *DeLeon v. St. Joseph Hosp., Inc.*, 871 F.2d 1229, 1223 n.7 (4th Cir. 1989).

3

**FACTUAL BACKGROUND**

The facts of this case, including citations to the record, were completely and accurately set forth in the Magistrate Judge's Report and Recommendation.  *See* R & R, ECF No. 92 at 2–8. Briefly stated, Plaintiff was employed by NGHC as a Personal Care Aide from September 19, 2006 through January 26, 2010, assisting NGHC clients with meal preparation, housekeeping, and errands. *See* Pl's Resp. at 1, ECF No. 57; Defs.' Mem. at 3, ECF No. 51; Job Description, ECF No. 51-3. During her employment, she complained of issues with several clients to both NGHC and the Florence County Sherriff's Office, and requested removal from their homes.  *See* ECF No. 92 at 3–8.    Plaintiff claims that Defendants retaliated against her because of these complaints.  *See* ECF No. 1 at 3–4.

**DISCUSSION**

The Magistrate Judge recommends that Defendants' Motion for Summary Judgment be granted.   As the Magistrate Judge notes, Plaintiff's Complaint raises a retaliation claim pursuant to Title VII.  *See* ECF No. 92 at 10.   The Magistrate Judge found that Plaintiff has not offered any direct evidence of retaliation, and thus considered Plaintiff's circumstantial evidence under the burden-shifting framework set forth in *McDonnell Douglass Corp. v. Green*, 411 U.S. 792, 802 (1973).  *Id.* at 12.   The R & R first recommends finding that Plaintiff failed to establish a *prima facie* case because she failed to establish that her complaints of harassment by a third-party constituted participation in a protected activity.  *Id.* 14–15; 19–20.   The Magistrate Judge also determined that even if the Court found that Plaintiff had engaged in a protected activity, her retaliation claim failed to establish a *prima facie* case because she had not shown that Defendant NGHC's retaliatory motive was the but-for cause of adverse employment action taken against her.  *Id.* at 15–17; 20–21.

4

Finally, the R & R notes that even if Plaintiff established a *prima facie* case, NGHC had established "legitimate, non-retaliatory" reasons for its actions, further supporting the appropriateness of summary judgment. *Id.* at 17–18; 21. The R & R also recommends finding that Plaintiff's retaliation claim is improperly asserted as to the individual defendants. *Id.* at 21–22.

Plaintiff timely filed objections to the R & R. *See* Pl.'s Objs., ECF No. 94. Plaintiff's first objection asserts that the Magistrate Judge misconstrued some of the evidence presented and improperly determined that she had not engaged in any protected activity or established a *prima facie* case. *See* ECF No. 94 at 1–3. In particular, Plaintiff asserts that the mere fact that the complained of harassment was made by third-parties does not mean that Defendants cannot be held liable for retaliation for her reports of the behavior. *Id.* at 4. Plaintiff also asserts that the Magistrate Judge improperly found that (1) her suspension was not related to a report filed with the Sheriff, (2) that NGHC had investigated her reports of sexual harassment, and (3) that NGHC did not have any clients or work to offer plaintiff. *Id.* at 1–2. Plaintiff further asserts that the preponderance of the evidence established that if she had not filed police reports and incident reports of the purported harassment, she would not have been suspended, had hours reduced, or been fired. *Id.* at 2–3. Plaintiff also appears to object to the R & R on the basis that she believes the Magistrate Judge is improperly helping the Defendants and trying to persuade the undersigned. *Id.* at 1. In a similar vein, she claims that the Magistrate Judge referred to irrelevant information. *Id.* Finally, she appears to object to the R & R on the grounds that Defendants are represented by an attorney and had every opportunity to "present any information and case citations the judge is trying to throw into this case at the last minute." *Id.*

Plaintiff has not objected to the Magistrate Judge's recommended finding that Title VII does not give rise to individual liability.  *See* ECF No. 92 at 21 (citing *Lissau v. S. Foodservice*, 159 F.3d 177, 180–81 (4th Cir. 1998)).  Finding no clear error, the Court adopts the Magistrate Judge's analysis on this issue and finds summary judgment is appropriate on Plaintiff's claims against Defendants John Belissary, Ann Belissary, and Lynn Ford.  The court also overrules Plaintiff's objections which charge the Magistrate Judge with improperly assisting Defendants and referring to irrelevant information, and assert that Defendants failed to present certain information contained in the Magistrate Judge's R & R.  These objections are irrelevant and do not direct the Court to any specific error in the proposed findings and recommendations.  Finding no clear error, these objections are overruled.

Plaintiff's only relevant and properly articulated objection, therefore, concerns the Magistrate Judge's analysis of the evidence presented, and her determination that summary judgment is appropriate on Plaintiff's retaliation claim.  A plaintiff may show a violation of Title VII through either direct or circumstantial evidence.  When direct evidence is lacking, a plaintiff may produce circumstantial evidence and proceed under the *McDonnell Douglas* burden-shifting framework.  *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).  Pursuant to this framework, once the plaintiff establishes a *prima facie* case of a violation of Title VII, the burden shifts to the defendant to produce evidence of a legitimate, nondiscriminatory reason for its employment action.  *Merritt v. Old Dominion Freight Line, Inc.*, 601 F.3d 289, 294 (4th Cir. 2010).  If the defendant meets the burden to demonstrate a legitimate, nondiscriminatory reason for its employment action, the burden shifts back to the plaintiff to demonstrate by a preponderance of the evidence "that the neutral reasons

offered by the employer 'were not its true reasons, but were a pretext for discrimination.'"     *Id.* (quoting *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981)).

Title VII makes it an "unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."   42 U.S.C. § 2000e-3(a).   Absent direct evidence proof of retaliation, in order to establish a *prima facie* case for retaliation under Title VII, a plaintiff must show the following: "(1) she engaged in a protected activity; (2) the employer took an adverse employment action against her; and (3) a causal connection existed between the protected activity and the asserted adverse action."   *Matvia v. Bald Head Island Mgmt., Inc.*, 259 F.3d 261, 271 (4th Cir. 2011) (quoting *Von Gunten v. Maryland*, 243 F.3d 858, 863 (4th Cir. 2001)) (internal quotation marks omitted).

Courts have attempted to reconcile the recent holding of the United States Supreme Court in *University of Texas Southwest Medical Center v. Nassar* with the *McDonnell Douglas* framework. In *Nassar*, the Supreme Court held that in the Title VII retaliation context, a plaintiff must prove a claim "according to traditional principles of but-for causation," meaning she must show "the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer."   *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, __ U.S. __, 133 S. Ct. 2517, 2533 (2013).   In other words, a plaintiff must demonstrate that "her protected activity was a but-for cause of the alleged adverse action by the employer."   *Id.* at 2534.   In so holding, the Supreme Court rejected the argument that a Title VII retaliation claim could be proven according to the lessened "motivating-factor" causation standard applicable to some status-based Title VII causes of action.

7

*See id.* at 2533-34; s*ee also Maliik v. Sebelius*, __ F. Supp. 2d __, No. PWG-12-1725, 2013 WL 4559516, at *16 (D. Md. Aug. 28, 2013) (discussing *Nassar* and explaining the but-for causation standard "means that the employer would not have taken the adverse employment action against the plaintiff if the employer were not trying to retaliate against the plaintiff for engaging in a protected activity."). Several courts from within the Fourth Circuit appear to be in agreement that *Nassar* requires that a plaintiff must establish the third element of her *prima facie* case, the causation element, purusant to the but-for standard. *See, e.g.*, *Walker v. Mod-U-Kraf Homes*, LLC, __ F. Supp. 2d __, 2013 WL 6729525, at *11 (W.D. Va. Dec. 19, 2013); *Foster v. Univ. of Md. E. Shore*, No. TJS-10-1933, 2013 WL 5487813, at *1–2 (D. Md. Sept. 27, 2013); *Lindquist v. Tanner*, No. 2:11-3181-RMG, 2013 WL 4441946, at *5 (D.S.C. Aug. 15, 2013) ("In *Nassar*, the Court clarified the standard for establishing the causation element of a prima facie case for retaliation under Title VII, requiring 'proof that the desire to retaliate was the "but-for" cause of the challenged employment action.'" (quoting *Nassar*, 133 S. Ct. at 2527–28))).

If Plaintiff is able to establish a *prima facie* case for retaliation, Defendant can rebut the presumption by articulating a legitimate, non-retaliatory reason for its action. Discussing a defendant's burden, this Court has explained: "[w]hat shifts is merely a burden of producing admissible evidence (something more than a pleading) that would, if believed, be legally sufficient to justify a judgment for the defendant." *Taylor v. Ingles Markets*, C.A. No. 802407227, 2004 WL 3591133, *5 (D.S.C. Dec. 13, 2004) (citing *Burdine*, 450 U.S. at 255). The employer, however, does not have the burden of persuading the court that it was actually motivated by the proffered reason. *Id.* (citing *Burdine*, 450 U.S. at 255). "The employer's burden is satisfied if he simply 'explains what he had done' or 'produce[es] evidence of legitimate, nondiscriminatory reasons.'" *Williams v.*

4:12-cv-01856-RBH    Date Filed 02/06/14    Entry Number 97    Page 9 of 15

*Sonoco Prods. Co.*, No. 81-1469-0, 1982 WL 423, at *3 (D.S.C. Nov. 8, 1982) (citing *Bd. of Trustees of Keene State Coll. v. Sweeney*, 439 U.S. 24, 25 n.2 (1978)).

If the defendant articulates a legitimate, non-retaliatory reason for its action, Plaintiff then bears the final burden of proving that the reason given by defendant was a pretext for unlawful retaliation.  *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143 (2000).   In *Reeves*, the Supreme Court clarified a plaintiff's burden to show pretext once the employer articulates a legitimate reason for its adverse action.   The Court held that a "plaintiff may attempt to establish that he was the victim of intentional discrimination 'by showing that the employer's proffered explanation is unworthy of credence.'"  *Reeves*, 530 U.S. at 143 (quoting *Burdine*, 450 U.S. at 256). "The ultimate question is whether the employer intentionally discriminated, and proof that 'the employer's proffered reason is unpersuasive, or even obviously contrived, does not necessarily establish that the plaintiff's proffered reason . . . is correct.'"  *Reeves*, 50 U.S. at 146–47 (quoting *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 524 (1993)).   "Certainly there will be instances where, although the plaintiff has established a prima facie case and set forth sufficient evidence to reject the defendant's explanation, no rational factfinder could conclude that the action was discriminatory."  *Reeves*, 530 U.S. at 148.

The Magistrate Judge first determined that Plaintiff failed to establish a *prima facie* claim for retaliation because she had not presented enough evidence to demonstrate that she engaged in a protected activity.   ECF No. 92 at 14–15, 19–20.  This conclusion was based on the fact that the evidence presented only established that Plaintiff complained to Defendant NGHC about purported harassment by third parties, not by her employer or co-workers.  *See id.*  Plaintiff objected, arguing that the mere fact that the complained of behavior concerned third parties did not mean that she had

9

not engaged in protected activity.   ECF No. 94 at 3–4.   The Court notes that the issue of whether complaints about a third party can constitute engaging in protected activity appears to be unsettled in this circuit.   Other circuits, however, have held that "employers may be held liable under Title VII for harassment by third parties when that conduct creates a hostile work environment."   *Beckford v. Dept. of Corrs.*, 605 F.3d 951, 958 (11th Cir. 2010) (collecting cases from the first, third, sixth, seventh, ninth, eighth, and tenth circuits reaching this holding).   The Court, however, need not resolve this unsettled issue in deciding this case.   Accordingly, the Court respectfully modifies the Magistrate Judge's analysis which reaches this issue, opting instead to resolve this matter on other grounds.

The Court agrees with the Magistrate Judge's determination that, regardless of whether Plaintiff engaged in protected activity, her retaliation claim fails as a matter of law because she has failed to establish the requisite causal connection required to demonstrate a *prima facie* case.   This is especially true in light of how courts have applied *Nassar*.   Plaintiff has failed to present any competent evidence showing that Defendant NGHC's retaliatory motive was the but-for cause of the adverse employment action taken against her.

In her Complaint and Memorandum in Opposition to Summary Judgment, Plaintiff describes two instances of adverse employment action: (1) a two day suspension following her removal from the home of client "C.P." and (2) a reduction in her hours due to a series of removals from client homes, culminating in her removal from her only remaining client's, G.G.'s, home.   *See* ECF No. 1 at 3–5; ECF No. 57 at 1–2, 4–5.   She appears to allege that this final removal in effect constituted a termination because she had no other clients and NGHC would not assign her any more.   *See* ECF No. 57 at 4–5.   In her objections, Plaintiff argues that she was suspended because she filed a report

with the Sherriff regarding harassment by client C.P.'s sister.   ECF No. 94 at 1–2.   She maintains

that she never made phone calls to C.P's family or any other past clients or their families.   *Id.*

Plaintiff also asserts that NGHC could have given her additional clients once she requested removal

from another client's ("G.G."), home or placed her at their adult care center, but refused to do either

because of her complaints.   *Id.* at 2–3.   Plaintiff concludes by arguing that the evidence presented

shows that if she hadn't filed police reports or incident reports of sexual harassment with NGHC and

the Florence County Sheriff's Department, she would not have been suspended, had hours reduced, or

fired.   *Id.*   Plaintiff argues that any evidence provided by the defendant was forged or fabricated.

*Id.* at 3.   Finally, Plaintiff argues that her refusal to continue working with client G.G. was the but-for

cause for her firing.   *Id.* at 4.

As the Magistrate Judge explained in the R & R, Plaintiff has offered no evidence, aside from

her conclusory allegations, to support her presentation of the facts.   As this Court has previously

noted, "the law is clear that a plaintiff cannot rely on an unverified complaint in opposing a motion for

summary judgment."   *Huff v. Outlaw*, No. 9:09-cv-00520-RBH, 2010 WL 1433470, at \*2 (Apr. 8,

2010).   As previously discussed, Plaintiff must submit evidence of specific facts by way of

**affidavits**, **depositions**, **interrogatories**, or **admissions** to demonstrate the existence of a genuine

and material factual issue for trial.   *See* Fed. R. Civ. P. 56(c), (e); *Baber*, 977 F.2d at 875 (citing

*Celotex*, 477 U.S. at 324)).   Plaintiff did attach some documents to her response in opposition to

Defendants' Motion for Summary Judgment.   *See* ECF No. 57-1.   A thorough review of these

documents, however, demonstrates that they do not serve to establish a genuine dispute of fact as to

Plaintiff's allegations of NGHC's retaliatory motive.    Moreover, Plaintiff has provided no support

for her assertions that Defendants fabricated the evidence they have provided.   The Court agrees with

11

the Magistrate Judge that the evidence presented by Defendants, and lack of evidence presented by Plaintiff, demonstrates there is no genuine issue of material fact regarding NGHC's motive behind either of the adverse employment actions.

As previously noted, Plaintiff alleges that she suffered the adverse employment action of a two day suspension after she requested removal from client C.P.'s home.   It is undisputed that after Plaintiff was removed from client C.P.'s home, Plaintiff was suspended by NGHC for two days.   *See* ECF No. 51-1 at ¶ 11.   Plaintiff makes a conclusory, unverified allegation that she was suspended because she filed a police report about client C.P.'s sister harassing her.   *See* ECF No. 57 at 1–2. Defendant, however, provided ample evidence that Plaintiff was suspended because NGHC received a telephone call from one of C.P.'s family members who stated Plaintiff had been calling C.P.'s residence and threatening that C.P.'s sister would be arrested.   *See* ECF No. 51-1 at ¶ 11.   NGHC felt that Plaintiff behaved very unprofessionally by making these phone calls after she had already been removed from this client's home, and maintains that this post-removal conduct was the reason for the suspension, not the fact that she filed a report with the Sheriff's Office.   ECF No. 51-1 at ¶ 11. Plaintiff has provided no evidence contradicting this proof of NGHC's motivation aside from her own conclusory allegations that she did not make any phone calls, which is insufficient to survive summary judgment.   Accordingly, the court finds that Plaintiff has failed to prove but-for causation regarding the two day suspension.

The Court also agrees that Plaintiff has failed to establish that NGHC's retaliatory motive was the but-for cause of her reduction in hours and purported termination.   As previously discussed, Plaintiff repeatedly requested removal from clients' homes for a myriad of reasons, and on at least one occasion a client or client's family member requested removal.   *See* ECF No. 3–8 for a full

recitation of the incidents.   NGHC honors all requests for removal, whether made by an employee or the client.   ECF No. 51-1 at ¶ 6.   NGHC makes reasonable efforts to replace an employee's hours because of removal requests, but it does not guarantee an employee a specific number of hours.   ECF No. 51-1 at ¶ 6.   NGHC, however, made no guarantees as to the specific number of hours or clients that Plaintiff would have, as NGHC's business fluctuates by its nature.   NGHC Terms of Employment, ECF No. 51-4; 51-1 at ¶ 4.   According to the evidence submitted by Defendants, Plaintiff was removed from no less than seven clients' homes, either due to her own request or a client's, during her time of employment.   *See* ECF No. 92 at 2–8.   The final removal, from the home of her only client at the time, G.G., was initiated by Plaintiff.   *See* ECF No. 51-16.   NGHC has provided evidence that it had no other clients to assign Plaintiff at that time.   ECF No. 51-1 at ¶ 14. Plaintiff maintains that this amounted to a "termination" but has provided no evidence supporting this assertion.[2]   The Court agrees with the Magistrate Judge that Plaintiff has failed to present sufficient evidence to establish that her complaints of harassment were the but-for cause of the adverse

---

[2]  Regarding client G.G., the Court is not entirely convinced that Plaintiff exhausted her administrative remedies as to her allegations revolving around this removal, corresponding reduction in hours, and purported "termination" due to a lack of any available clients to assign her.   Plaintiff's charge was filed with the EEOC on November 12, 2009, while the relevant events related to client G.G. occurred in January of 2010.   Plaintiff did not file a second charge or amend her charge. Nevertheless, the Magistrate Judge recommended finding that administrative remedies were properly exhausted, as "the scope of a Title VII lawsuit may extend to 'any kind of discrimination like or related to the allegations contained in the charge and growing out of such allegations during the pendency of the case before the [EEOC].'"   *Hill v. W. Elec. Co., Inc.*, 672 F.2d 381, 390 n. 6 (4th Cir. 1982) (citation omitted).   Defendants did not object to this finding and the Court finds that there is no clear error with the Magistrate Judge's analysis on this point.   Moreover, the Fourth Circuit has previously found exhaustion where "both the EEOC charge and the complaint included claims of retaliation by the same actor, but involved different retaliatory conduct."   *Syndor v. Fairfax Cnty., Va.*, 681 F.3d 591, 594 (4th Cir. 2012) (analyzing *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th Cir. 2000)).   Accordingly, the Court finds that Plaintiff sufficiently exhausted her administrative remedies.

employment action of a reduction in hours and purported termination imposed due to a retaliatory motivate on the part of NGHC.   Accordingly, Plaintiff has failed to establish a *prima facie* case.

Finally, the Court also concurs with the Magistrate Judge that even if Plaintiff had established a *prima facie* case, the same evidence presented by Defendants to demonstrate a lack of but-for causation between Plaintiff's complaints and adverse employment action also establishes "legitimate, non-retaliatory" reasons for such actions.   *See E.E.O.C. v. Navy Fed. Credit Union*, 424 F.3d 397, 405 (4th Cir. 2005).   Plaintiff has not presented any competent evidence demonstrating that NGHC's reasons were mere pretext for unlawful retaliation.   Accordingly, Plaintiff has not met her burden of providing sufficient evidence to overcome the legitimate, non-discriminatory reasons provided by NGHC for taking the adverse employment actions.   Plaintiff's personal beliefs and unsupported allegations are insufficient to establish pretext.   *See Reeves*, 530 U.S. at 147 (noting "it is not enough . . . to disbelieve the employer").   Accordingly, finding no genuine issue of material fact, the Court finds summary judgment is also proper because NGHC has shown "legitimate, non-retaliatory" reasons for its actions and Plaintiff has provided no evidence establishing pretext.

CONCLUSION

The Court has thoroughly reviewed the entire record, including Defendants' Motion for Summary Judgment, Plaintiff's Response in Opposition to Motion for Summary Judgment, Defendants' Reply to Plaintiff's Response, the R & R, and Plaintiff's objections to the R & R, and applicable law.   For the reasons stated above and by the Magistrate Judge, the Court hereby overrules Plaintiff's objections and adopts the Magistrate Judge's R & R, as modified.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Summary Judgment is **GRANTED**, and that Plaintiff's complaint is **DISMISSED** *with prejudice*.

14

**IT IS SO ORDERED.**

                                              s/ R. Bryan Harwell

                                              R. Bryan Harwell
                                              United States District Judge

Florence, South Carolina
February 6, 2014

15